CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 13 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS L. GOODMAN, | ) CASE NO. 7:12CV00186 |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| vs. | ) |
| MAJOR K. MCCOY, ET AL., | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Defendant(s). | ) |

Thomas L. Goodman, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials at Red Onion State Prison violated his constitutional rights in several respects. Under 28 U.S.C. § 1915A(b)(1), when a prisoner sues government officials, the court must screen and summarily dismiss as soon as practicable any suit or portion thereof that is frivolous, malicious, or fails to state a claim. After review of the record, the court summarily dismisses claims (1) and (4) under § 1915A(b)(1), denies Goodman's demand for a temporary restraining order, and orders service of the remaining claims.

I

In his complaint, Goodman alleges four claims for relief: (1) on April 22, 2011, Officer Bell negligently injured Goodman's finger while opening his cell door; (2) on August 10, 2011, Officer Looney yanked Goodman's arm through the tray slot in his cell door without provocation, causing injury to his arm; (3) Officers Stanley and McCoy placed Goodman in ambulatory restraints for 27 hours without bathroom breaks, causing Goodman to defecate and urinate on himself; and (4) Nurse Phipps delayed carrying out a doctor's order for Goodman to

have x-rays of his arm. As relief in this action, Goodman seeks a "temporary restraining order, $50,000.00 [and] permanent transfer from this region."[1]

II

In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, plaintiff must show that the defendant prison official acted with deliberate indifference–that he or she knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Simple negligence by officials, in failing to predict that a piece of prison equipment might cause an inmate physical injury, simply does not give rise to any constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part

---

[1] The court notes that Goodman's demand for a temporary restraining order (TRO) must be denied. Goodman's allegations about past events do not demonstrate that he will suffer any immediate, irreparable harm whatsoever in the absence of the requested injunctive relief. See Fed. R. Civ. P. 65(b) (authorizing TRO only when the movant proves that he will suffer imminent, irreparable injury if injunctive relief is not granted before the adverse party could be notified and respond).

2

of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

In claim (1), Goodman alleges that on April 22, 2011, Officer Bell "opened [Goodman's] cell door negligently trapping [his] right pinky finger between the door an[d] window frame causing a deep cut in [his] finger." Compl. 2. Goodman asserts that the injury caused him pain and suffering and loss of sensation, and sues Bell for "negligence." On the face of the complaint, this claim fails to rise to constitutional proportions. Goodman himself calls Bell's actions mere "negligence," and an official's negligence does not violate the inmate's constitutional rights, even when it causes injury. As Goodman fails to allege any facts suggesting that Bell acted with deliberate indifference to a known risk that he would cause Goodman serious physical injury by opening his cell door, Goodman's claim against Bell must be summarily dismissed, pursuant to § 1915A(b)(1), as legally frivolous.

Only a prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008), and a prison official is "deliberately indifferent" only if he "knows of and disregards [or responds unreasonably to] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In claim (4), Goodman alleges that after his arm was injured in a tray slot incident on August 8, 2011, a doctor ordered that Goodman's arm be x-rayed, causing him to suffer pain and suffering and to lose range of motion. Goodman asserts that Nurse Phipps, to cover up the fact that Red Onion did not have an X-ray technician on staff for some time, delayed for four months

3

before making arrangements for Goodman to have his arm x-rayed. Goodman's allegations simply do not state sufficient facts to support all elements of a constitutional claim regarding the delay in getting x-rays. Goodman does not allege that the doctor ordered an immediate x-ray after the August 2011 incident and does not describe any symptoms from which Phipps would have known that Goodman had a serious medical need for an immediate x-ray. Moreover, Goodman does not allege any facts showing that the delay in obtaining the x-rays prevented the medical staff from providing timely and appropriate treatment for the injury to his arm. Because Goodman's allegations fall short of stating the necessary elements of an Eighth Amendment claim regarding deliberate indifference to a serious medical need, the court summarily dismisses claim (4), pursuant to § 1915A(b)(1). An appropriate order will enter this day, dismissing claims (1) and (4), and directing the clerk to attempt service of process as to Goodman's remaining claims.[2]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of July, 2012.

_____
Senior United States District Judge

---

[2] The court finds that Goodman's allegations in claims (2) and (3) sufficiently support the elements of possible constitutional violations actionable under § 1983, so as to survive screening under § 1915A(b)(1). See Hudson v. McMillian, 503 U.S. 1, 8 (1993) (finding that when inmate claims officer used excessive force against him, inquiry is whether officer "acted with a sufficiently culpable state of mind and [whether] the alleged wrongdoing was objectively harmful enough to establish a constitutional violation") (internal quotation marks omitted).

4